UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                              CASE NO. 8:20-cr-12-T-35JSS

MARLON ANDRE HALL

**NOTICE OF MAXIMUM PENALTIES, ELEMENTS OF OFFENSE,
PERSONALIZATION OF ELEMENTS AND FACTUAL BASIS**

The United States of America, by Maria Chapa Lopez, United States Attorney for the Middle District of Florida, hereby files this Notice of Maximum Penalties, Elements of Offense, Personalization of Elements and Factual Basis, stating as follows:

ESSENTIAL ELEMENTS OF COUNTS ONE, TWO, AND THREE

The essential elements of a violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and (b)(1)(D), distribution of a controlled substance and possession of a controlled substance with intent to distribute, are as follows:

First:   The defendant knowingly and intentionally possessed a controlled substance as charged; and

Second:   The defendant possessed the controlled substance with the intent to distribute it or actually distributed it.

PENALTY FOR COUNTS ONE, TWO, AND THREE

Violations of 21 U.S.C. §§§ 841(a)(1), (b)(1)(C), and (b)(1)(D) are punishable by a maximum term of imprisonment of twenty years, a fine of up to $1,000,000, a term of supervised release of at least one but at least three years, and a special assessment of $100.  In addition, the United States will seek to forfeit the assets identified in the indictment

ESSENTIAL ELEMENTS OF COUNT FOUR

The essential elements of a violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1), possession of a firearm or ammunition by a convicted felon, are as follows:

First: The defendant knowingly possessed a firearm or ammunition in or affecting interstate commerce;

Second: Before possessing the firearm and ammunition, the defendant had been convicted of a felony—a crime punishable by imprisonment for more than one year; and

Third: The defendant knew that he previously had been convicted of a felony.

PENALTY FOR COUNT FOUR

Violations of 18 U.S.C. §§ 922(g)(1) and 924(e)(1) are punishable by a mandatory minimum sentence of 15 years of imprisonment, a maximum sentence of life imprisonment, a fine of up to $250,000, a term of supervised release of at

2

least one but not more than three years, and a special assessment of $100. In addition, the United States will seek to forfeit the assets identified in the indictment.

FACTUAL BASIS

All of the events described below occurred within the Middle District of Florida.

The defendant, Marlon Andre Hall, has been a convicted felon since at least April 12, 1991, when he was convicted in the Circuit Court of the 6th Judicial Circuit in and for Pinellas County, Florida, case number 89-CF-19179, of Sexual Battery in the 2nd Degree, in violation of Fla. Stat. § 794.011(5), and Burglary in the 2nd Degree, in violation of Fla. Stat. § 810.02(3). These crimes were punishable by a term of imprisonment exceeding one year, and the defendant was sentenced to 9 years in prison. On that same date, April 12, 1991, the defendant was also convicted in the same court in case number 89-CF-19183 of Manslaughter in the 2nd Degree, in violation of Fla. Stat. § 782.07. This crime was punishable by a term of imprisonment exceeding one year, and the defendant was sentenced to a concurrent 9 years in prison. On August 23, 2000, the defendant was convicted in the United States District Court for the Middle District of Florida, case number 8:00-cr-29-T-27EAJ, of Conspiracy to Distribute Cocaine Base, in violation of 21 U.S.C. §§ 846 and 841(a)(1). This crime was

punishable by a term of imprisonment exceeding one year, and the defendant was sentenced to 121 months in prison. Based on the above referenced prior convictions, the defendant was sentenced as an Armed Career Criminal on December 18, 2013 when he was convicted in in the United States District Court for the Middle District of Florida, case number 8:13-cr-407-T-23AEP, of being a Felon in Possession of a Firearm or Ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1).

As a convicted felon, the defendant is legally prohibited from possessing a firearm or ammunition, and his right to do so has never been restored.

On December 18, 2019, the defendant knew that he was a convicted felon and thus unable to lawfully possess a firearm or ammunition.

Nevertheless, on December 18, 2019, the defendant knowingly possessed a firearm and ammunition.

Specifically, on December 18, 2019, law enforcement officers executed a search warrant authorized by United States Magistrate Judge Anthony E. Porcelli of the Middle District of Florida at the home where the defendant was staying. The probable cause for the warrant was based on the defendant selling controlled substances at the home to a confidential informant working with law enforcement and an undercover law enforcement officer on three dates in the previous month.

Inside the home, law enforcement officers found the following items of evidentiary significance:

- 28.7 grams of marijuana in the bathroom medicine cabinet;
- 155 grams of marijuana packaged in small baggies in drawers under the kitchen stove;
- 822.9 grams of synthetic cannabinoid in two large bags in a bucket under the kitchen sink;
- 206.8 grams of synthetic cannabinoid packaged in small baggies in a dining room cabinet;
- 5.3 grams of cocaine inside a decorative box in the dining room;
- 0.2 grams of methamphetamine inside a decorative box in the dining room;
- 2 digital scales, 5 razor blades, and many plastic baggies in a dining room cabinet;
- a Smith and Wesson, model SD9VE, nine-millimeter handgun bearing serial number HES0964 and loaded with 7 rounds of Remington nine-millimeter ammunition hidden inside a white teddy bear on a table in the living room; and
- Mail addressed to the defendant in the dining room.

Law enforcement officers found the defendant's fingerprint on the magazine of the Smith and Wesson, model SD9VE, nine-millimeter handgun.

Subsequent analysis by an expert from the Bureau of Alcohol, Tobacco, Firearms, and Explosives confirmed that the gun and ammunition described above had been manufactured outside of the state of Florida. Accordingly, the gun and ammunition described above traveled in interstate or international commerce before the defendant possessed them.

The above is merely a brief summary of the events, some of the persons involved, and other information relating to this case. It does not include, nor is it

intended to include, all of the events, persons involved, or other information relating to this case.

        Respectfully submitted,

        MARIA CHAPA LOPEZ
        United States Attorney

By: */s/ Michael M. Gordon*
    Michael M. Gordon
    Assistant United States Attorney
    United States Attorney No. 182
    400 N. Tampa Street, Suite 3200
    Tampa, Florida 33602-4798
    Telephone:   (813) 274-6000
    Facsimile:   (813) 274-6358
    E-mail: michael.gordon3@usdoj.gov

U.S. v. Marlon Andre Hall	Case No. 8:20-cr-12-T-35JSS

## CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

    Paul Downing, Esq.

                                         */s/ Michael M. Gordon*
                                         Michael M. Gordon
                                         Assistant United States Attorney
                                         United States Attorney No. 182
                                         400 N. Tampa Street, Suite 3200
                                         Tampa, Florida 33602-4798
                                         Telephone:	(813) 274-6000
                                         Facsimile:	(813) 274-6358
                                         E-mail:	michael.gordon3@usdoj.gov