UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                           CASE NO. 8:20-cr-12-T-35JSS

MARLON ANDRE HALL

**SENTENCING MEMORANDUM**

The United States of America files this sentencing memorandum pursuant to 18 U.S.C. § 3553(a). For the reasons set forth below, the United States respectfully requests that the Court impose a term of imprisonment of **188 months**, the bottom of the advisory United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") range, along with five years of supervised release. The United States recommends that the Court impose this sentence to run concurrently with the sentence of 51 months of imprisonment the defendant is currently serving as punishment for violating the terms of his federal supervised release by his conduct in this case. *See* PSR, Doc. 50 ¶ 39.

**I.       BACKGROUND**

On January 14, 2020, the grand jury charged the defendant in a four-count indictment. Counts 1 and 2 charged the defendant with possessing with the intent to distribute and distributing heroin, in violation of 21 U.S.C. § 841(a)(1) and (b)(1(C). Count 3 charged the defendant with possessing with

1

the intent to distribute heroin and marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1(C), and (b)(1)(D). Count 4 charged the defendant with possessing a firearm or ammunition despite being a convicted felon, in violation of 18 U.S.C. §§ 922(g) and 924(e). On June 26, 2020, before Magistrate Judge Julie S. Sneed, the defendant pleaded guilty to Count 4 via a plea agreement with the government in which the United States agreed to dismiss Counts 1-3. This Court accepted the defendant's plea on July 13, 2020.

The defendant's criminal history is substantial. He has been a convicted felon since at least April 12, 1991. This is his third conviction in the MDFL:

- On August 23, 2000, he was sentenced to 121 months of imprisonment after pleading guilty to five crimes, including conspiring to distribute cocaine base, in case number 8:00-cr-29-T-27EAJ.
- On December 13, 2013, he was sentenced to 188 months of imprisonment after pleading guilty to being a felon in possession of a firearm in case number 8:13-cr-407-T-23AEP.

His criminal history qualifies him as an Armed Career Criminal ("ACC") and subjects him to an enhanced sentence pursuant to 18 U.S.C. § 924(e). PSR ¶

30.[1] Prior to his guilty plea, the defendant was notified of his susceptibility to the ACC sentencing enhancement in three ways: (a) by his prior MDFL conviction for violating 18 U.S.C. §§ 922(g)(1) and 924(e), in which he was sentenced as an ACC to 188 months in prison, *see United States v. Hall*, 8:13-cr-407-T-23AEP; (b) by the penalty provision in the indictment in this case, *see* Doc. 1; and (c) by the terms of his plea agreement, *see* Doc. 41. He received additional notice in both the initial PSR, *see* Doc. 48, and the final PSR, *see* Doc. 50.

At the time the defendant committed the offenses charged in the indictment and the crime to which he pleaded guilty, he was on federal supervised release. The facts and the defendant's criminal conduct in this case are as follows:

    1.    On November 18, 2019, the defendant sold 0.2 grams of heroin

---

[1] The initial PSR was issued on August 13, 2020. Doc. 48. The defendant did not object to Probation's determination that the defendant qualified as an Armed Career Criminal pursuant to 18 U.S.C. § 924(e). The final PSR was issued on September 9, 2020, and scores him as such. Doc. 50 ¶ 30.

On November 23, 2020, however, the defendant untimely notified Probation and the United States via e-mail of objections to the PSR, including a contention that two of the defendant's three ACC-qualifying offenses "are not violent felonies within the definition of 18 U.S.C. § 924(e)(2)." The defendant did not support this contention at all, however, stating that he would "expand this objection and offer more detailed support in our sentencing memorandum." The Court's deadline for filing sentencing memoranda is today and as of the filing of this memorandum, the defendant has not filed a sentencing memorandum. Consequently, the government cannot respond to the defendant's unknown arguments regarding his qualification as an ACC. Depending on how the defendant proceeds, the United States may file a supplemental sentencing memorandum, though the United States notes that the Honorable Steven D. Merryday already adjudicated the defendant as an ACC in 2013 in *United States v. Hall*, 8:13-cr-407-T-23AEP.

to a confidential informant (CI) at his (the defendant's) home.

2. On November 20, 2019, inside his home, the defendant sold approximately 2 grams of heroin to an undercover St. Petersburg Police Department (SPPD) detective and also 0.4 grams of heroin to the same CI.

3. On December 2, 2019, at his home, the defendant sold 7.4 grams of heroin to the same undercover SPPD detective.

4. On December 18, 2019, ATF agents and SPPD detectives arrested the defendant on a federal complaint related to the above-described drug deals and executed a search warrant at his home. Inside, law enforcement officers found approximately one kilogram of synthetic cannabinoid, 155 grams of marijuana, 5.3 grams of crack cocaine, digital scales, packaging materials, and a loaded nine-millimeter handgun hidden inside a teddy bear.

5. Post-*Miranda*, the defendant confessed to possessing all of the drugs found inside his home and admitted that he had the intent to sell them. He denied knowledge or possession of the handgun, however.

6. Forensic testing revealed the defendant's fingerprint on the gun's magazine.

## II.  ARGUMENT

This is the defendant's second conviction for the same federal offense—possessing a firearm despite being a convicted felon, in violation of 18 U.S.C. §§ 922(g) and 924(e)—in the MDFL within the last seven years. And he committed this offense while on federal supervised release, no less. The defendant was originally sentenced to 188 months on the prior felon-in-possession case, *United States v. Hall*, 8:13-cr-407-T-23AEP, but he received the benefit of two Rule 35 motions in recognition of his cooperation with the government on multiple cases; upon the first Rule 35 motion the Court reduced his sentence to 92 months; after the second, the Court reduced his sentence to 77 months. PSR ¶ 39. The defendant was released on May 3, 2019. *Id.* Approximately six months later, he engaged in the criminal conduct at issue in this case, which was substantially the same conduct for which he had just served approximately six years in prison.

Given the defendant's incorrigibleness and recidivism, a strong case could be made for a sentence at the top of the Guidelines range, to run consecutively to the 51 sentence imposed by the Honorable Steven D. Merryday for the defendant's violation of his supervised release in the preceding felon-in-possession case. *Id.* The United States is not making such a recommendation or request, however.

By all accounts, the defendant persistently attempted to secure legitimate work after being released from prison and while under supervision. Primarily due to his criminal history, he was unsuccessful. He returned to the life and source of income he knew—drug dealing—as a result. While that choice is not excusable, it is understandable.

Due to his criminal history and recidivism, the defendant does not merit a downward variance, even the relatively small one of eight months that it would take to move from the bottom of the Guidelines range, 188 months of imprisonment, to the statutory mandatory minimum sentence of 180 months. Nevertheless, the Court also need not sentence the defendant to *more* than 188 months because that sentence is "sufficient but not greater than necessary" to achieve the ends of justice and the statutory purposes of sentencing. 18 U.S.C. § 3553. A low end of the Guidelines sentence would be approximately 50% longer than the longest time the defendant has previously spent incarcerated. *See* PSR ¶ 38. Additionally, the defendant attempted to cooperate with law enforcement so as to earn a USSG §5K1.1 motion but had no worthwhile or actionable information to provide.

For these reasons, the United States is not asking the Court to impose the high end of the Guidelines, an upward variance, or an order that the defendant's sentence run consecutively to the sentence he received for

violating his federal supervised release by engaging in this same conduct. The Court should, however, impose the high end of the Guidelines for post-sentence supervised release—5 years. *See* PSR ¶¶ 80-81. Based on his history, the defendant clearly needs the maximum term of monitoring post-release to hold him accountable and ensure that this time he does not fall back into his old patterns and criminal behavior.

### III.  CONCLUSION

WHEREFORE, the United States respectfully requests that the Court impose a term of imprisonment of 188 months in prison along with five years of supervised release.

                              Respectfully submitted,

                              MARIA CHAPA LOPEZ
                              United States Attorney

By:   */s/ Michael M. Gordon*
       MICHAEL M. GORDON
       Assistant United States Attorney
       United States Attorney No. 182
       400 N. Tampa Street, Suite 3200
       Tampa, Florida 33602-4798
       Telephone:  (813) 274-6000
       Facsimile:   (813) 274-6358
       E-mail:         michael.gordon3@usdoj.gov

**U.S. v. Hall**                                           **Case No. 8:20-cr-12-T-35JSS**

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 25, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

    Paul Downing, Esq.

                                              */s/ Michael M. Gordon*
                                              MICHAEL M. GORDON
                                              Assistant United States Attorney
                                              United States Attorney No. 182
                                              400 N. Tampa Street, Suite 3200
                                              Tampa, Florida 33602-4798
                                              Telephone: (813) 274-6000
                                              Facsimile: (813) 274-6358
                                              E-mail: michael.gordon3@usdoj.gov